**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Henry McK. HASEROT and Bonnie C. Haserot, Respondents.**

**No. 16184.**

United States Court of Appeals
Sixth Circuit.

Nov. 3, 1965.

Richard J. Heiman, Department of Justice, Washington, D. C., on brief, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, Attorneys, Department of Justice, Washington, D. C., for petitioner.

John Lansdale, Jr., Cleveland, Ohio, John Lansdale, Jr., Edward J. Hawkins, Jr., Squire, Sanders & Dempsey, Cleveland, Ohio, on brief, for respondent.

Before WEICK, Chief Judge, and TAYLOR and THORNTON, District Judges.

ORDER.

The above cause coming on to be heard on the record, the briefs of the parties, and the argument of counsel in open court, and the court being duly advised.

The contention of the petitioner that Section 304(a) Internal Revenue Code of 1954 applies to the transactions here involved requires consideration of Section 302, the pertinent portion of which provides that corporate redemption of stock be treated as a distribution in part or full payment in exchange for the stock except where it "is not essentially equivalent to a dividend." The Tax Court did not determine if the redemption here was equivalent to a dividend, the concluding. paragraph of the opinion of the Tax Court stating that:

> "Since there is no dispute as to the amount of the gain and since that amount will in either event be taxed as a long-term capital gain, it is not necessary for us to determine in this proceeding whether that result is ar-

rived at via section 351 or via sections 304 and 302(a)."

It appears to this Court, upon review, that a determination of the issue of equivalency might indeed be dispositive of the thrust of petitioner's argument on the Section 304 application to the transaction herein and that such a determination should be made. This Court has previously held that this is a factual matter. (Woodworth v. Commissioner of Internal Revenue, 218 F.2d 719, 724, C.A. 6th 1955, and Chandler's Estate v. Commissioner of Internal Revenue, 228 F.2d 909, C.A. 6th 1955.) As such, it should be decided initially by the Tax Court.

This matter is hereby remanded to the Tax Court for further proceedings in accordance with the views expressed in this order.